UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL BANK OF ST. LOUIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-02214 ERW |
| | ) | |
| NEC AMARILLO EMERGENCY CENTER, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Central Bank of St. Louis' Motion to Reconsider the Stay Ordered by the Court on October 30, 2017 [23]. Central Bank of St. Louis states two recent opinions by federal district courts have denied motions to dismiss nearly identical to those brought by Defendants[1] in this case: *Signature Financial, LLC v. Neighbors Global Holdings, LLC, et al.*, 17-Civ.-6089 (S.D.N.Y. Dec. 19, 2017), and *BB&T Commercial Equipment Capital Corp. v. Neighbors Legacy Holdings, Inc.*, No. 17-CV-2615 (E.D. Pa. Dec. 11, 2017). Accordingly, Central Bank of St. Louis asks this Court to lift its order to stay and deny Defendants' underlying Motion to Dismiss or in the Alternative Transfer Venue to the Southern District of Texas [10].

---

[1] Defendants NEC Amarillo Emergency Center, LP ("NEC Amarillo"), NEC Bellaire Emergency Center, LP ("NEC Bellaire"), NEC Brownsville Emergency Center, LP ("NEC Brownsville"), NEC College Station Emergency Center, LP ("NEC College Station"), NEC Harlingen Emergency Center, LP ("NEC Harlingen"), NEC McAllen Emergency Center, LP ("NECMcAllen"), NEC Odessa Emergency Center, LP ("NEC Odessa"), NEC Porter Emergency Center, LP ("NEC Porter"), NEC Texarkana Emergency Center, LP ("NEC Texarkana"), NEC Texas City Emergency Center, LP ("NEC Texas City"), NEC Wichita Falls Emergency Center, LP ("NEC Wichita Falls"), Neighbors Global Holdings, LLC ("Neighbors Global"), Neighbors Health, LLC f/k/a Neighbors Health System, LLC ("Neighbors Health"), and Neighbors Legacy Holdings, Inc. ("Neighbors Legacy") shall hereinafter be collectively referred to as "Defendants."

While district courts have the inherent power to stay their proceedings, "[t]his power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Light v. Merck & Co.*, 4:05-CV-01463, 2005 WL 2348492, *1 (Mo. E.D. Sept. 26, 2005). This Court notes it has been several months since it issued its order staying this case, and the parties state there has yet to be a hearing scheduled on the Special Appearance Objecting to Personal Jurisdiction[2] filed by Central Bank of St. Louis in the action pending in state court in Harris County, Texas. In issuing its order on October 30, 2017, this Court found "it is in the best interest in the administration of justice to stay the current proceedings." Now, given the current delay in the Texas state court action, this Court no longer finds its stay promotes the judicial economy of this case.

However, this Court further notes Defendants did not address the substantive arguments and analyses by Central Bank of St. Louis concerning the two recent opinions by the United States District Court for the Southern District of New York and the United States District Court for the Eastern District of Pennsylvania. Instead, Defendants requested additional time to submit full briefing on these arguments. Defendants shall file such additional briefing no later than March 22, 2018. Central Bank of St. Louis shall have seven days thereafter to file a reply.

So Ordered this 2nd day of March, 2018.

*E. Richard Webber* (signature)

  **E. RICHARD WEBBER**
  **SENIOR UNITED STATES DISTRICT JUDGE**

---

[2] Under Texas Rule of Procedure 120a, a party may object to the court's exercise of personal jurisdiction over the defendant by entering a special appearance in open court.