UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL BANK OF ST. LOUIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-02214 ERW |
| | ) | |
| NEC AMARILLO EMERGENCY CENTER, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion to Reconsider the Stay [23]. On October 30, 2017, this Court entered an order stating it was hesitant to make any determination concerning the jurisdiction of the Texas state court that has the related case involving the same parties and underlying forum selection clauses in this matter, noting "federalism concerns require that a federal court 'tread lightly' when a state proceeding is underway.'" *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982). It accordingly stayed the case until the Texas court could make a determination as to whether it had jurisdiction. If the Texas court determined it had no jurisdiction, there would be no need for this Court to further consider application of the first-filed rule; only if the Texas court maintained jurisdiction would this Court need to determine its applicability.

However, on March 2, 2018, this Court noted the Texas court had still not ruled on the Special Appearance and found the stay no longer promoted the judicial economy of this case. *See Light v. Merck & Co.*, 4:05-CV-01463, 2005 WL 2348492, *1 (Mo. E.D. Sept. 26, 2005) (finding district courts inherent power to stay their proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of

time and effort for itself, for counsel, and for litigants") (quotations and citations omitted). This Court further allowed Defendants additional time to submit full briefing on substantive arguments concerning two opinions referenced by Plaintiff[1] and allowed Plaintiff additional time to file a reply. This Court is now fully briefed on the relevancy of those opinions to this case and finds they are only relevant to Plaintiff's Motion to Dismiss [10]. Accordingly, this Court reasserts its findings in the March 2, 2018 order and **GRANTS** Plaintiff's Motion to Reconsider the Stay [23], effectively lifting the stay in this case.

Defendants' Motion to Dismiss or in the Alternative Transfer Venue to the Southern District of Texas [10] was ruled moot on March 19, 2018, because of the pending stay in this matter, and this Court indicated Defendants would have leave to refile it should this Court lift the stay. Having lifted the stay in this case, this Court grants Defendants twenty days to file their motion to dismiss or transfer, including any updates they might add to their motion, and thereafter Plaintiff is given ten days to file a response.

So ordered this 22nd day of May, 2018.

 

 

*[signature]*

———————————————————
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[1] *See Signature Financial, LLC v. Neighbors Global Holdings, LLC, et al.*, 17-Civ.-6089 (S.D.N.Y. Dec. 19, 2017); *BB&T Commercial Equipment Capital Corp. v. Neighbors Legacy Holdings, Inc.*, No. 17-CV-2615 (E.D. Pa. Dec. 11, 2017).